Steven J. LADAY, Erwin A. Tarnow, Sr., Erwin P. Murawski, John M. Thekan, Raymond A. Wittig, and Elmer Jensen, Plaintiffs,

v.

CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, a Wisconsin corporation, Defendant.

No. 65-C-77.

United States District Court
E. D. Wisconsin.

March 14, 1969.

James D. Porter and William S. Porter, Milwaukee, Wis., for plaintiffs.

Rodger S. Trump and Richard R. Robinson, Milwaukee, Wis., for defendant.

## DECISION

GRUBB, Senior District Judge.

On plaintiffs' motion for entry of judgment together with interest, and for award of attorneys' fees submitted on the briefs of counsel.

This action for enforcement of an award of the National Railroad Adjustment Board is before the court following interpretation of the award after second remand to the Board.

Defendant objects to enforcement of the award as most recently construed on the ground that it is arbitrary and without foundation in fact. The subject of the latest request for interpretation was the phrase "compensation * * * for each day that T. H. Reidy performed supervisory work during that period." Plaintiffs construed the language as requiring a day's pay for every day of the period in question that Reidy held the position of Assistant District Storekeeper without reference to the actual nature of the work he performed, including any days he may have been absent from work on earned vacation time during the period. Defendant claimed that the phrase had reference only to the number of days on which Reidy actually performed "supervisory work covered by the Clerk's Rules Agreement" according to the language of the employees' claim allowed by the Board.

■ The Board now construes this language as meaning the period of time during which Reidy "held" the position without reference to the number of days he actually performed the work. While this meaning is not necessarily manifestly "clear from the reading of the entire formal claim," the court is of the opinion that this is a permissible construction of the award in light of the nature of the claim and of the nature of the award itself, that is, a monetary recovery similar to a sanction for defendant's violation of the collective bargaining agreement rather than compensatory damages. Accordingly, the court finds that the award is now certain in monetary value conclusive on the parties, and is not so arbitrary that it is unenforceable under present law. See § 153, 45 U.S.C.A., as amended June 20, 1966, Pub.L. 89–456, §§ 1, 2, 80 Stat. 208, 209.

*Interest*

■ The measure of allowed recovery in this case was not ascertainable until the Board rendered its final interpretation on January 31, 1969, approved by this court as of this date. The rule applied in case of debt as in Raabe v. Florida East Coast Railway Company, 259 F. Supp. 351 (M.D.Fla.1966) and Dieringer v. Chicago, Milwaukee, St. Paul and Pacific Railroad Company, 278 F.Supp. 211 (E.D.Wis.1968), has, in the opinion of the court, no application where the recovery involves a sanction the amount of which remained indeterminate until final pronouncement by the Board. Under these circumstances, allowance of prejudgment interest is not warranted and the case is controlled by § 1961, Title 28 U.S.C.A.

## 582

*Attorneys' Fees*

■ According to plaintiffs' affidavit, its counsel have to date devoted some 512 hours of time to the case and have been retained under a contingent fee arrangement pursuant to which they are entitled to one-third of any recovery of principal and interest by the plaintiffs minus any attorneys' fees allowed by the court.

Award of attorneys' fees in addition to the monetary recovery in the case of successful plaintiffs in enforcement actions is provided in § 153 First (p), Title 45 U.S.C.A. A recent case, Brotherhood of Railroad Signalmen v. Southern Railway Company, 380 F.2d 59, 69 (4th Cir. 1967), cert. denied 389 U.S. 958, 88 S.Ct. 324, 19 L.Ed.2d 368, discusses standards for ascertainment of the amounts of these statutory fees. These include, insofar as pertinent in the instant case, the quality of the legal services, the importance and complexity of the issue being litigated, the time required for preparation and court appearances, as well as the standards employed in compensating attorneys for the opposing party litigating the selfsame issue. In Powell v. Pennsylvania Railroad Company, 267 F.2d 241 (3rd Cir. 1959), the court looked to a contingent fee contract, among other factors, in determining the amount of statutory fees awardable to the successful plaintiffs.

Noting the unusual complexities in this case arising from the change of law after commencement of this action and the uncertainties attending the wording of the award which required two remands to the Board; the fact that plaintiffs' counsel, unlike the local attorneys for the defendant, had to handle the case on remand to the Board; and looking to the agreement whereunder: plaintiffs' counsel undertook the case, the court hereby finds that attorneys' fees in the amount of 35% of the recovery allowed herein constitute a reasonable compensation for plaintiffs' counsel. This, in accordance, with the statute is awarded in addition to the monetary award to plaintiffs, in amounts as set forth in the stipulation of the parties.

The foregoing opinion sets forth the court's findings of fact and conclusions of law, in accordance with Rule 52, Federal Rules of Civil Procedure. Counsel for plaintiffs is hereby directed to prepare an order for entry of judgment for enforcement of the award and allowance of counsel fees in accordance with said findings and conclusions, submitting the same for approval to counsel for the defendant with respect to computation of the amounts of recovery and of form only.